# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**BOBBY BROWN**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:06-CR-53**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C.§3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

   ☐ an offense for which the maximum sentence is life imprisonment or death.

   ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

   _____

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

   ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has been on supervised release since June 25, 2007. On January 19, 2008, defendant and others brazenly stole merchandise from Kohl's in Ingham County and Kohl's in Eaton County. In each instance, defendant pushed loaded carts of merchandise past the checkout counters into the parking lot without stopping. Even when they were confronted after the first instance (and got away), they tried the same thing the same day at the second Kohl's. On the second occasion, deputies were waiting for them (continued on attachment)

## Part II – Written Statement of Reasons for Detention

Defendant has failed to prove by clear and convincing evidence that he is not a flight risk or a danger to the community. In light of his absconding for eight months, following two shoplifting attempts, failures to appear and use of an alias, he could not make these showings under any standard.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 29, 2008

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v.  Bobby Brown
1:06-CR-53
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.


**Alternate Findings (B) - (continued)**

> but Brown attempted to flee.  He was eventually found hiding behind a trash dumpster.
> Following the second arrest, Brown was arrested and released on a $1,000 surety bond.
> He failed to appear for his arraignment on January 24, 2008, and a warrant remains
> outstanding in Eaton County.

> Defendant then absconded until he was finally arrested in Las Vegas, Nevada (having left
> the district without permission), and at the time of his arrest he used a false name.  During
> the intervening time, he failed to submit his monthly report, failed to obtain employment
> as required, repeatedly failed to take random drug urinalysis testing, and, needless to say,
> failed to complete his community service.  During the eight months defendant has
> absconded from supervision, he has never been in contact with the probation office.


**Part II - Written Statement of Reasons for Detention - (continued)**